## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**HENRY B. BERROCAL, HUMANITY FOR WISDOM COMMUNITY CENTER HEALTH AND HUMAN SERVICES, ELEGANT AND HAPPY LLC, CYCLE OF MANAGEMENT LLC,**

     *Plaintiffs*,

**v.**

**SAN ANTONIO POLICE DEPARTMENT HEADQUARTERS, CHIEF OF POLICE WILLIAM MCMANUS, OFFICER CAPACITY; LEON VALLEY POLICE DEPARTMENT, DAVID GONZALEZ, OFFICER AND INDIVIDUAL CAPACITY; BEXAR COUNTY ADULT DETENTION CENTER, JAVIER SALAZAR, INDIVIDUAL AND OFFICIAL CAPACITY; DISTRICT ATTORNEY, JOE GONZALEZ, INDIVIDUAL AND OFFICIAL CAPACITY; MUNICIPAL COURT COURT, FREDERICK P. GARCIAJR., OFFICIAL AND INDIVIDUAL CAPACITY; SAN ANTONIO DEVELOPMENT SERVICE, PE, CBO, DIRECTOR MICHAEL SHANNON, INDIVIDUAL AND OFFICER CAPACITY; SAN ANTONIO IMPOUND FACILITY, MAYOR RON NIRENBERG, INDIVIDUAL AND OFFICIAL CAPACITY; ALANIS WRECKER SERVICE, LLC, GREAT NORTHWEST COMMUNITY CENTER, (HOA ASSOCIATION); PINKEY CLINKSCALES, DEED RESTRICTIONS OFFICER; GOOGLE FIBER LLC, JAMES M GARCIA, GILBERT MACIAS,**

     *Defendants*.

**Case No. 5:23-CV-01319-JKP**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Alanis Wrecker Service Inc. d/b/a San Antonio Vehicle Impound Facility's[1] ("Alanis") Motion for Judgment on the Pleadings. *ECF No. 113*. Plaintiff Henry B. Berrocal filed a Response, to which Alanis filed a Reply. *ECF Nos. 114, 119*. Upon consideration, the Court CONDITIONALLY GRANTS Alanis' Motion, (*ECF No. 113*), subject to Berrocal filing an Amended Complaint.

## BACKGROUND

In his Original Complaint, Plaintiff Henry B. Berrocal ("Berrocal"), proceeding *pro se*, asserts allegations of illegal conduct by the nineteen named Defendants. *ECF No. 1*. Berrocal alleges Defendants are liable pursuant to 42 U.S.C. § 1983 for violation of his rights under the First, Second, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id at 7*. As a result of the Court's October 7, 2024, Memorandum Opinion and Order granting several motions to dismiss, (*see ECF Nos. 52, 53, 59, 67, 86*), Defendants Great Northwest Community Improvement Association Inc., Pinkey Clinkscales, Leon Valley Police Department, Leon Valley Police Chief David Gonzalez, District Attorney Joe Gonzales, and Google Fiber LLC were dismissed from this action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.

---

[1] Plaintiff Henry B. Berrocal incorrectly named Defendant Alanis Wrecker Service Inc. d/b/a San Antonio Vehicle Impound Facility as "Alanis Wrecker Services, LLC" and as "San Antonio Impound Facility" in his Original Complaint. *See ECF No. 39 at 1 n.1*.

2008). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. The Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted). Although the Court must accept the factual allegations in the pleadings as true, *id.,* a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## <u>ANALYSIS</u>

Berrocal seeks relief in this case under 42 U.S.C. § 1983 (*ECF No. 1 at 7*), which "creates a private right of action for redressing the violation of federal law by those acting under color of state law." *Colson v. Grohman*, 174 F.3d 498, 504 n.2 (5th Cir. 1999) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984)). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must show (1) "a violation of the Constitution or federal law," and (2) "that the violation was committed by someone acting under color of state law." *La. Div. Sons of Confederate Veterans v. City of Natchitoches*, 821 Fed. App'x 317, 319 (5th Cir. 2020). Where a private citizen is alleged to have committed a § 1983 violation, such as Berrocal's allegations against Alanis, Plaintiff must offer proof that Alanis is either a state actor or conspired with state actors. *Ferguson v. Dunn*, No. 1:16-CV-00272, 2017 WL 3033338, at *3 (E.D. Tex. May 24, 2017), *R. & R. adopted*, No. 1:16-CV-00272, 2017 WL 3020931 (E.D. Tex. July 17, 2017) (citing *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004) ).

In his Original Complaint, Berrocal makes sparse reference to Alanis. *ECF No. 1 at 11–12, 17, 23, 26–27*. The Court identifies only the following statements:

> AWS is a private company that helps the city hold seized impound vehicles until the owner pays to release the seized vehicle 24 hours, 7 days a week. The company acts under the color of law, helping the city search and seize vehicles on behalf of the city.
>
> . . .

3

The impound lot where my cars were SEIZURED doesn't have concrete. As a result, a lot of dust went inside the vehicle, breaking both AC compressors, and all maintenance had to be serviced to remove the dust particles that could damage the vehicle. The excessive FINES to release the vehicles and conditions to tow them outside the lot.

. . .

The Municipal Court SEIZED and fined my vehicles with 0 reasons. The cars were parked properly and didn't violate any laws. The company that works for the city, Alanis Wrecker Service, LLC, towed and assisted the city government in enforcing the policy and transferring the car to the impounded facility/2 cars were seized: a Ford F450 2011, used by Humanity for Wisdom and Elegant Happy LLC contractors work to operate and transport material/and a Nissan Altima 2010, used to travel for personal or business operations. The impound lot where my cars were SEIZURED doesn't have concrete. As a result, a lot of dust went inside the vehicle, breaking both AC compressors, and all maintenance had to be serviced to remove the dust particles that could damage the vehicle. The FINES to release the vehicles and conditions to tow them outside the lot are EXCESS-ESIVE, charging $400 to remove and tow them out of the impounded plus pay the fines, which I was charged $650 for my Nissan and $1200 for my Ford f450 plus $600 in tow fees as my vehicles could not operate and the impound facility force the drivers to use a towing company to get them out of the impound. Both cars had to have all fluid maintenance replaced for $600 for the Nissan and $900 for the f450, oil change, steering fluid change, break oil change, transmission oil change, and all other oils in both cars. To my surprise, both units had the AC compressor broken, which cost $1100 in labor and parts for F450 and $700 for the Nissan Altima. The F450 needs a new catalytic converter part and labor of $1500. In addition, the catalytic converter never has to be replaced or repaired in the car's lifetime unless particles get inside the car. In this case, the dust and dirt from the impounded lot.

*ECF No. 1 at 17, 23, 26–27.* As such, Berrocal does not link any alleged activity by Alanis to a violation of any constitutional right.  An underlying constitutional or statutory violation is a predicate to liability under § 1983." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citations and internal quotation marks omitted) (quoting *Johnson v. Harris Cty., Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)). Further, Berrocal fails to address the issue of Alanis' potential status as a state actor. Therefore, in its present form, Berrocal's Original Complaint does not allege all facts necessary to state a Section 1983 cause of action against Alanis.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court **CONDITIONALLY GRANTS** Alanis' Motion, (*ECF No. 113*). Berrocal is **ORDERED** to file an Amended Complaint <u>**no later than June 6, 2025**</u>. **Should the deficiencies addressed above persist in Berrocal's Amended Complaint, Alanis' Motion will be granted in full.**

The Clerk of Court is **DIRECTED** to mail, <u>**via certified mail with return receipt requested**</u>, a copy of this Order to:

1) Henry B. Berrocal, 8402 Timber Belt, San Antonio, Texas 78250

It is so ORDERED.
SIGNED this 28th day of May, 2025.


_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE