## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

HENRY B. BERROCAL, HUMANITY
FOR WISDOM COMMUNITY CEN-
TER HEALTH AND HUMAN SER-
VICES, ELEGANT AND HAPPY LLC,
CYCLE OF MANAGEMENT LLC,                                    **Case No. 5:23-CV-01319-JKP**

     *Plaintiffs*,

**v.**

SAN ANTONIO POLICE DEPART-
MENT HEADQUARTERS, CHIEF OF
POLICE WILLIAM MCMANUS, OF-
FICER CAPACITY; LEON VALLEY
POLICE DEPARTMENT, DAVID
GONZALEZ, OFFICER AND INDI-
VIDUAL CAPACITY; BEXAR
COUNTY ADULT DETENTION CEN-
TER, JAVIER SALAZAR, INDIVIDU-
AL AND OFFICIAL CAPACITY;
DISTRICT ATTORNEY, JOE GON-
ZALEZ, INDIVIDUAL AND OFFI-
CIAL CAPACITY; MUNICIPAL
COURT COURT, FREDERICK P.
GARCIAJR., OFFICIAL AND INDI-
VIDUAL CAPACITY; SAN ANTONIO
DEVELOPMENT SERVICE, PE, CBO,
DIRECTOR MICHAEL SHANNON,
INDIVIDUAL AND OFFICER CAPAC-
ITY; SAN ANTONIO IMPOUND FA-
CILITY, MAYOR RON NIRENBERG,
INDIVIDUAL AND OFFICIAL CA-
PACITY; ALANIS WRECKER SER-
VICE, LLC, GREAT NORTHWEST
COMMUNITY CENTER, (HOA AS-
SOCIATION); PINKEY
CLINKSCALES, DEED RE-
STRICTIONS OFFICER; GOOGLE
FIBER LLC, JAMES M GARCIA,
GILBERT MACIAS,

     *Defendants*.

**<u>ORDER</u>**

In the Court's June 17, 2025, Order, the Court ordered Plaintiff Henry B. Berrocal ("Berrocal") to file a Response explaining why the Court should not *sua sponte* dismiss his causes of action asserted against the sole remaining Defendant—Gilbert Macias—for failure to state a claim. *See ECF No. 129*. Berrocal's deadline to file a Response expired June 25, 2025. *Id*. Berrocal filed no response. For the following reasons, the Court now dismisses Berrocal's causes of action against Defendant Gilbert Macias and dismisses Defendant Gilbert Macias from this matter.

As stated in the Court's June 17, 2025, Order, District courts may, for appropriate reasons, dismiss cases *sua sponte*. For example, *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute his or her case. *See Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018) (citing Fed. R. Civ. P. 41(b)). It is also appropriate when a complaint fails to state a claim. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) ("We have held that a district court is authorized to consider the sufficiency of the complaint on its own initiative." (quotation omitted)).

The broad rule is that "a district court may dismiss a claim on its own motion as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quotation omitted). More specifically, "fairness in this context requires both notice of the court's intention and an opportunity to respond" before dismissing *sua sponte* with prejudice. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (quotation omitted); *see also Lozano*, 489 F.3d at 643 (discussing precedents that generally require "both notice of the court's intention and an opportunity to respond" before *sua sponte* dismissal with prejudice

(quotation omitted)). Here, the Court's June 17, 2025, Order provided Berrocal notice of the Court's intention and an opportunity to respond. *See ECF No. 129*.

## LEGAL STANDARDS AND ANALYSIS

**I.    Berrocal Fails to State Causes of Action Under 42 U.S.C. § 1983 Against Defendant Gilbert Macias**

To avoid dismissal for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court determines whether the plaintiff has stated both a legally cognizable and plausible claim; the court should not evaluate the plaintiff's likelihood of success. *Lone Star Fund V. (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

A court, however, need not blindly accept each and every allegation of fact; properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions masquerading as factual conclusions. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); see *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). When the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 at 678. The plausibility standard, unlike the "probability requirement," requires more than a sheer possibility that a defendant acted unlawfully. *Id.*

A plaintiff bringing a cause of action under 42 U.S.C. § 1983 must allege (1) a constitutional violation; and (2) that the defendants were acting under color of law when they committed the constitutional violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

In his Complaint, Berrocal's allegations against Gilbert Macias are as follows:

**4th Allegation**

Around August 1st and 15th, a neighbor named Macias Gilbert, for no reason, came onto my property to TRESPASS, DUMP GARBAGE, and MAKE A FALSE POLICE REPORT that I was having and using a weapon wrongfully with zero probable cause. However, in the police reports, videos, and evidence, the neighbor(s) claim to harass me with the HOA NORTHWEST

ASSOCIATION and SAN ANTONIO DEVELOPMENT SERVICE. Gilbert files REPORTs and ACT as AGENTS, claims to know certain POLICIES IN THE COMMUNITY, and does his best to ENFORCE THEM. In the statement and argument before the police arrived, MACIAS GILBERT claimed to work for the city. On 911, he claimed to have certain hate for the Mexican community. He proclaimed to be my neighbor. I never saw him in my life. Due to that report, I was DEPRIVED OF MY LIBERTY 5th Amendment violation with UNUSUAL PUNISHMENTS 8th Amendment.

*ECF No. 1 at 22*. First, Berrocal fails to allege a constitutional violation by Gilbert Macias. Second, even if Berrocal alleged a constitutional violation by Gilbert Macias, he fails to allege plausible facts to show Gilbert Macias acted "under color of law" as required by 42 U.S.C. § 1983. As a result, Berrocal fails to state a claim upon which relief can be granted.

The Court further notes Berrocal has clearly not kept the Court apprised of a current address. On June 4, 2025, Berrocal filed an Advisory to the Court stating he was arrested for allegedly making a terroristic threat and listed "1200 N Comal San Antonio Texas 78205" as his address. *See ECF No. 125*. This is the address of the Bexar County Adult Detention Center. In the time since Berrocal filed his Advisory, however, mailings sent to Berrocal were returned undeliverable or unclaimed, (*see ECF Nos. 131, 132, 133*), due to the fact Berrocal has yet to provide

the Court the SID Number and Unit Location where he is located. Berrocal cannot prosecute his case without providing an adequate means to permit transmission of orders to him.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** Berrocal's causes of action against Defendant Gilbert Macias and **DISMISSES** Defendant Gilbert Macias from this matter.

As no causes of action remain in this matter, the Clerk of Court is **DIRECTED** to close this case. Any pending motions are **DENIED AS MOOT**.

The Clerk of Court is further **DIRECTED** to mail, **<u>via certified mail with return receipt requested</u>**, a copy of this Order to Berrocal's last address on file at:

1) Henry B. Berrocal, 8402 Timber Belt, San Antonio, Texas 78250; and to Defendant Gilbert Macias at:

2) Gilbert Macias, 8402 Timber Loche, San Antonio, Texas 78250

It is so ORDERED.
SIGNED this 11th day of July, 2025.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE